FILED
United States Court of Appeals
Tenth Circuit

April 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DWIGHT RHONE, a/k/a "Kirk,"

    Defendant-Appellant.

No. 11-3345

(D.C. No. 09-CR-20133-JWL-7)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.
_____

A jury convicted Defendant Dwight Rhone of one count of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii). He now appeals from his conviction on four grounds. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

I.

The facts relating to the larger marijuana trafficking conspiracy involved in this case are set forth more fully in United States v. Stephen Blackburn, --- F. App'x ---, No. 11-3294 (10th Cir. 2013) (unpublished). Defendant's active role in the conspiracy ended on May 2, 2007, when police executed a search warrant on a house in Avondale, Arizona.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Police arrested Defendant along with four other men—Sheldon McIntosh, Samora McIntosh, Ibrahima Kane, and Theodore McDowell. Officers had arrested the conspiracy's ringleader (and Defendant's cousin), Curtis Pitter, a few hours earlier, when he left the house in a van carrying saran-wrap style packaging with small amounts of marijuana stuck to it. A vehicle in the house's garage contained approximately 630 pounds of marijuana in thirty boxes. The marijuana was wrapped in plastic and grease. Inside the house, police found drug packing materials and $223,000 in cash hidden in a suitcase and a spare tire.

After Defendant's arrest, an Arizona jury convicted him on state drug charges in January 2008. In 2011, a federal grand jury in the United States District Court for the District of Kansas indicted Defendant and nineteen other people on various drug-trafficking and money laundering charges. Specifically, the superseding indictment charged Defendant with conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. At trial, the jury heard evidence linking Defendant and the Avondale house with a larger drug trafficking conspiracy headed by Curtis Pitter. The evidence showed that the conspirators would regularly drive from Kansas City, Missouri, to Phoenix, Arizona, carrying cash. They would then purchase marijuana, package it so as to reduce the smell, and ship it by UPS ground to Kansas City and sometimes other destinations. They would then fly back to Kansas City and repeat the process. The petit jury convicted Defendant of the charged conspiracy in April 2011. The district court then sentenced him to 73 months' imprisonment after reducing his sentence from 127 months to reflect the 54 months he had served in Arizona based on the same conduct. See

U.S.S.G. § 5G1.3(b)(1).

## II.

On appeal, Defendant raises the following arguments: (1) no probable cause supported the search warrant for the Avondale residence, (2) the evidence at trial varied from the facts alleged in the indictment, (3) the Government failed to prove venue was proper in the U.S. District Court for the District of Kansas, and (4) the Government violated his rights under the Interstate Agreement on Detainers (IAD). Defendant does not, however, make these arguments in his opening brief. Instead, he incorporates by reference the arguments made in some of his co-defendants' briefs on appeal, pursuant to Federal Rule of Appellate Procedure 28(i). For three of the issues on appeal, Defendant incorporates the Appellant's Brief in United States v. Sheldon McIntosh, No. 11-3331. He relies on pages 11–22 of that brief for his probable cause argument, pages 22–28 for his fatal variance argument, and pages 28–33 for his IAD argument. For his venue argument, he incorporates by reference pages 29–40 of the Appellant's Brief in United States v. Samora McIntosh, No. 11-3333.

Because we have fully addressed these arguments in opinions in the above-mentioned cases, we need not discuss them further here. Specifically, we addressed Defendant's probable cause, variance, and IAD arguments in sections II, III, and IV respectively of our opinion in United States v. Sheldon McIntosh, --- F. App'x ---, No. 11-3331 (10th Cir. 2013). We considered venue in Section II of our opinion in United States v. Samora McIntosh, --- F. App'x ---, No. 11-3333 (10th Cir. 2013). For the reasons set forth in those opinions, the judgment below is,

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge