**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DWIGHT RHONE,

     Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

THEODORE McDOWELL,

     Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SHELDON McINTOSH,

     Defendant - Appellant.

_____

No. 15-3076
(D.C. Nos. 2:14-CV-02508-JWL and
2-09-CR-20133-JWL-7)
(D. Kan.)

No. 15-3077
(D.C. Nos. 2:14-CV-02487-JWL and
2:09-CR-20133-JWL-8)
(D. Kan.)

No. 15-3078
(D.C. Nos. 2:14-CV-02500-JWL and
2:09-CR-20133-JWL-9)
(D. Kan.)

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SAMORA McCINTOSH,

      Defendant - Appellant.

No. 15-3079
(D.C. No. 2:14-CV-02498-JWL and
2:09-CR-20133-JWL-10)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Defendants Dwight Rhone, Theodore McDowell, Sheldon McIntosh, and Samora McIntosh were convicted by a jury in 2011 of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 841. This court affirmed their convictions and sentences on direct appeal in 2013. *See United States v. McDowell*, 713 F.3d 571 (10th Cir. 2013); *United States v. Rhone*, 514 F. App'x 772 (10th Cir. 2013); *United States v. McIntosh*, 514 F. App'x 776 (10th Cir. 2013); *United States v. McIntosh*, 514 F. App'x 783 (10th Cir. 2013).

Defendants filed separate motions to vacate their convictions under 28 U.S.C. § 2255, alleging multiple instances of ineffective assistance of counsel. The government filed separate responses to the four motions to vacate, but Defendants filed a consolidated reply and thereafter made all submissions jointly. The district court dismissed the four

---

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motions to vacate, and we procedurally consolidated the cases after Defendants filed a joint notice of appeal. Defendants now seek a certificate of appealability to appeal the dismissal of their § 2255 motions.

Specifically, Defendants argue their trial and appellate attorneys were deficient in litigating a failed motion to suppress evidence obtained from the execution of a warrant to search the Arizona residence where the marijuana was ultimately found. Defendants also argue, among other things, that their trial and appellate counsel failed to raise the government's alleged violation of the Speedy Trial Act and also failed to investigate and raise issues related to governmental and judicial misconduct.

The district court found the warrant supported by probable cause based on the strong scent of marijuana detectable from the sidewalk and driveway of the house and noted that we upheld the dismissal of Defendants' suppression motion on direct appeal to this court. The district court concluded that Defendants' other claims had no merit and, regardless of their merit, did not result in any prejudice which had a substantial likelihood of affecting the outcome of the trial. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984) (setting out standard for ineffective assistance of counsel claims).

Prisoners may have their convictions vacated under § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). The district court found

3

that none of these conditions had been met.  After thoroughly reviewing Defendants'

arguments and the record on appeal, we are persuaded that reasonable jurists would not

debate the correctness of the district court's resolution of these Defendants' claims.  *See*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Therefore, for substantially the same reasons given by the district court in its

thorough and well-reasoned opinion, we **DENY** Defendants' request for a certificate

of appealability and **DISMISS** the appeals.

Entered for the Court


Monroe G. McKay
Circuit Judge